SKIBA, APPELLANT, *v.* CONNOR, ADMR., APPELLEE.

[Cite as Skiba *v.* Connor (1983), 5 Ohio St. 3d 147.]

(No. 82-1231—Decided June 15, 1983.)

148

*Messrs. Berger & Kirschenbaum, Mr. Gary Bash* and *Mr. Robert E. Gross,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Mitchell A. Stern,* for appellee.

*Per Curiam.* In general, R.C. 4123.519 grants a claimant or employer the right to appeal an adverse decision of the Industrial Commission ("commission") to the court of common pleas. The portion of R.C. 4123.519 which is relevant to this appeal is as follows:

"Notice of such appeal shall be filed by the appellant with the court of common pleas within sixty days after the date of the receipt of the decision appealed from or the date of receipt of the order of the commission refusing to permit an appeal from a regional board of review. Such filing shall be the only act required to perfect the appeal and vest jurisdiction in the court."

The filing of this notice of appeal is mandatory and must be strictly complied with in order to vest jurisdiction in the court of common pleas. *Cadle* v. *General Motors Corp.* (1976), 45 Ohio St. 2d 28 [74 O.O.2d 50]; *Starr* v. *Young* (1961), 172 Ohio St. 317 [16 O.O.2d 105]. Thus, the critical date for the party taking an appeal to the court of common pleas under R.C. 4123.519 is the date of receipt of the adverse decision of the commission. It is from that date that the sixty days within which the appellant must file a notice of appeal begins to run.

The problem in the case at bar is that appellant never received the order of the commission of March 2, 1978 denying her appeal, the receipt of which normally would have triggered the time to take an appeal to the court of common pleas. Upon learning that the commission had rendered its decision, appellant felt that her only recourse was to seek relief under R.C. 4123.522. That section as pertinent here, provides:

"If any person to whom a notice is mailed shall fail to receive such notice and the industrial commission, upon hearing, shall determine that such failure was due to cause beyond the control and without the fault or neglect of such person or his representative and that such person or his representative did not have actual knowledge of the import of the information con-

tained in such notice, such person may take the action afforded to such person within twenty days after the receipt of such notice of such determination of the industrial commission. * * *"

There are essentially two questions presented by this appeal. The first is whether the commission had the power to order that an appeal to the court of common pleas be taken within twenty days, as opposed to the sixty days allowed by R.C. 4123.519. The second is whether appellant's notice of appeal was timely filed in the court of common pleas.

Appellant contends that R.C. 4123.522 is strictly an intra-agency remedy which does not affect an appeal under R.C. 4123.519. We agree with that proposition. Our conclusion is necessitated by the fact that the time within which an appeal must be taken to the court of common pleas under R.C. 4123.519 does not begin to run until the order of the commission is received. Consequently, until the appealing party receives notice of an adverse decision of the commission, no rights of appeal may be lost under R.C. 4123.519. Contrary to the position of the commission, the language of R.C. 4123.522 is only meant to apply to situations where a party has lost a right to pursue a remedy by not receiving some notification. Since a party cannot lose the right to appeal to the court of common pleas until notice of the decision of the commission is received, R.C. 4123.522 has no application to the case at bar. Thus, to the extent that R.C. 4123.522 is inapplicable to appeals from the Industrial Commission to the court of common pleas, appellant correctly characterizes the remedy contained therein as an intra-agency form of relief. It follows that the commission had no authority to impose a twenty-day period within which appellant was required to take an appeal to the court of common pleas.

The second question is whether appellant's notice of appeal was timely filed thus vesting jurisdiction over the appeal in the court of common pleas. For the following reasons, we hold that it was not.

There can be no question that appellant's motion to the commission evidences her intent to appeal the decision of the commission denying her appeal to the court of common pleas. In fact, that appears to be her sole reason for requesting relief under R.C. 4123.522. However, pursuant to R.C. 4123.519, the time within which appellant was required to file a notice of appeal in the court of common pleas had not begun to run because she had not yet received notice of the adverse decision of the commission.

Nevertheless, we are constrained to hold that appellant received notice of the commission's decision denying her appeal at the time the commission granted her motion under R.C. 4123.522. The import of the commission's decision to reinstate appellant's right to appeal is that appellant had failed to prevail on her claim in the commission and was now being granted permission to seek further review. Moreover, the order of the commission granting appellant's motion under R.C. 4123.522 specifically "reinstates" her right to appeal *from* the order of the commission denying review of the decision of the regional board of review. That being the case, since appellant received

the commission's order "reinstating" her right to appeal, we hold that for purposes of appealing to the court of common pleas under R.C. 4123.519, appellant received notice of the decision of the commission on or about July 26, 1980, the date she received the commission's order allowing her motion under R.C. 4123.522.

After obtaining relief from the commission under R.C. 4123.522, appellant inexplicably filed a second appeal with the commission instead of filing a notice of appeal in the court of common pleas. As might be expected, the commission again refused to review appellant's claim.

Appellant contends that she had sixty days from the date the commission denied her second appeal, August 26, 1980, to file a notice of appeal in the court of common pleas and that her notice of appeal in the court of common pleas on October 15, 1980 was timely for that reason. Appellant suggests that the order of the commission "reinstating" her appeal directed her to take another appeal with the commission. We are unpersuaded by both of appellant's assertions. First, we have already determined that appellant received notice for purposes of R.C. 4123.519 when she received the commission's decision on her motion under R.C. 4123.522. Thus, the sixty-day period under R.C. 4123.519 had already commenced by the time the commission refused appellant's second appeal. Second, the commission's order did not justify appellant's pursuit of further review by the commission. The commission's order unambiguously allowed appellant to take an appeal *from* the order of the commission denying appellant's claim, not to return to the commission. Additionally, appellant's motion and accompanying affidavit to the commission under R.C. 4123.522 specifically request relief in order to take an appeal to the court of common pleas. Notwithstanding the above, appellant's notice of appeal was ultimately filed well beyond the sixty days allowed by R.C. 4123.519. Hence, the court of common pleas was without jurisdiction to hear appellant's appeal from the decision of the Industrial Commission.

Accordingly, and for the reasons stated, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY and LOCHER, JJ., concur.

HOLMES, J., dissents in part and concurs in the judgment.

C. BROWN and J. P. CELEBREZZE, JJ., dissent.

HOLMES, J., dissenting in part and concurring in judgment. Although I concur in the judgment, I disagree with the tortuous path by which the majority arrives at this judgment.

The law of this case, if stated in syllabus form, should be as follows:

"The court of common pleas is deprived of jurisdiction, in a workers'

compensation case, when the appealing party exhausts his administrative remedies, is granted an additional twenty days, pursuant to R.C. 4123.522, to perfect his appeal to the court of common pleas and fails to file his notice of appeal within the additional twenty-day period."

R.C. 4123.522 provides, *inter alia,* that "* * * such person may take *the action afforded to such person* within twenty days after the receipt of such notice of such determination of the industrial commission. * * *" (Emphasis added.) Under this section, when a party fails to receive an administrative order, and the time for an appeal has lapsed, the party has been legislatively provided an additional twenty days to perfect that appeal. In this case, the appellant had exhausted her administrative remedies when the Industrial Commission refused her appeal on March 2, 1978. At that point, her next procedural step would have been an appeal directly to the court of common pleas.

The majority here incorrectly holds that R.C. 4123.522 is exclusively an intra-agency remedy. The plain language of the statute which I have emphasized above refutes such position of the majority. This section clearly provides an additional twenty days in which to perfect an appeal when the original appeal period has lapsed through no fault of the party. There is absolutely nothing in the plain language of this statute to indicate that it may not be used by a party who fails to receive notification of an Industrial Commission decision. The majority has failed to cite any authority to refute the reasonable meaning of this plain language that such section was to be read and applied *in pari materia* with R.C. 4123.519, the net effect being that under these circumstances an additional twenty days after the notice was received from the Industrial Commission within which the party could file an appeal to the court of common pleas.

The cases as cited by the majority in this regard, *Cadle* v. *General Motors Corp.* (1976), 45 Ohio St. 2d 28 [74 O.O.2d 50], and *Starr* v. *Young* (1961), 172 Ohio St. 317 [16 O.O.2d 105], in no manner would require the position taken by the majority. I am in complete agreement that an appeal must be perfected strictly according to statute. But where, within Ohio's Constitution or case law, is it set forth that the General Assembly may not provide by statute, as was done here in enacting R.C. 4123.522, that upon good cause being shown by a party, the time within which an appeal may be filed is extended for an additional reasonable period of time? In my review, I have found none.

However, returning to the cause before us, appellant's second appeal to the Industrial Commission was a futile act. *State, ex rel. Dodson,* v. *Indus. Comm.* (1979), 58 Ohio St. 2d 399 [12 O.O.3d 345]. The Industrial Commission had previously refused to hear the appeal. The appellant applied for and received relief, pursuant to R.C. 4123.522, in order to appeal her claim to the court of common pleas. She had already missed her original sixty-day appeal period and was granted an additional twenty days to perfect that appeal. She

failed to file her notice of appeal within the additional period. As a result, the court of common pleas does not have jurisdiction to hear this case.

Accordingly, I concur in the judgment herein affirming the court of appeals.

CLIFFORD F. BROWN, J., dissenting. I dissent for the following reasons.

The court notes in its opinion that R.C. 4123.522 is a strictly intra-agency remedy which has no effect on the rights of a claimant to appeal an order of the Industrial Commission to a court of common pleas. This holding is proper. However, the court then fails to consider the wording of the July 24, 1980 order sent by the commission pursuant to a motion by the plaintiff-appellant's attorney. The order stated in relevant part: "[t]he widow-claimant [plaintiff] is granted relief under *Section 4123.522 R.C.*" (Emphasis added.) In light of the court's proper holding that R.C. 4123.522 is strictly an intra-agency remedy, the plain meaning of the July 24, 1980 order was that plaintiff was given leave to appeal the decision of the commission in an intra-agency appeal.

The next step taken by the plaintiff's counsel was to file an intra-agency appeal to the Industrial Commission. The commission refused to hear this appeal on August 26, 1980. It is from this final order that plaintiff's counsel filed an appeal on October 15, 1980, well within the sixty-day period of appeal granted by R.C. 4123.519. The plaintiff was unable to appeal the order of the Industrial Commission until after the August 26, 1980 order in light of the July 24, 1980 order's grant of authority for the plaintiff to file an appeal pursuant to R.C. 4123.522. This court in *Cadle* v. *General Motors Corp.* (1976), 45 Ohio St. 2d 28 [74 O.O.2d 50], held in paragraph one of the syllabus: "The mandatory appeal requirements of R.C. 4123.519 provide the *only manner* in which an appeal of the decision of the Industrial Commission to the Court of Common Pleas may be perfected, and such provisions are jurisdictional and must be strictly and fully complied with in order to vest jurisdiction in the Court of Common Pleas." (Emphasis added.) In light of this recent holding it was impossible for the plaintiff to file an appeal from the notice she received on July 26, 1980 which directed a R.C. 4123.522 appeal be taken by plaintiff. It was not until she received the August 26, 1980 decision that plaintiff was able to perfect a proper R.C. 4123.519 appeal.

For the foregoing reasons I would reverse the judgment of the court of appeals and remand this cause.

J. P. CELEBREZZE, J., concurs in the foregoing dissenting opinion.