WEISS, APPELLEE, *v.* FERRO CORPORATION ET AL., APPELLANTS.

[Cite as Weiss *v.* Ferro Corp. (1989), 44 Ohio St. 3d 178.]

(No. 88-1069—Submitted May 2, 1989—Decided August 2, 1989.)

179

*Squire, Sanders & Dempsey, William Michael Hanna* and *Preston J. Garvin,* for appellant Ferro Corporation.

*Anthony J. Celebrezze, Jr.,* attorney general, and *James A. Barnes,* for appellant Administrator, Bureau of Workers' Compensation.

WHITESIDE, J. R.C. 4123.519 grants a claimant or an employer the right to appeal certain decisions of the commission to the appropriate common pleas court and sets forth the following procedure:

"* * * Notice of such appeal shall be filed by the appellant with the court of common pleas *within sixty days after the date of the receipt of the decision* appealed from or the date of receipt of the order of the commission refusing to permit an appeal from a regional board of review. Such filings shall be the only act required to perfect the appeal and vest jurisdiction in the court." (Emphasis added.)

R.C. 4123.522 provides a "savings" procedure which applies in circumstances where notice of the decision to be appealed is not received and provides in part as follows:

*"The employee, employer and their respective representatives shall be entitled to written notice of any hearing, determination, order, award or decision under the provisions of Chapter 4123. of the Revised Code.*

*"If any person* to whom a notice is mailed *shall fail to receive such notice* and the industrial commission, upon hearing, shall determine that such failure was due to cause beyond the control and without the fault or neglect of such person or his representative and that such person or his representative did not have actual knowledge of the import of the information contained in such notice, *such person may take the action afforded to such person within twenty days after the receipt of*

*Gallon, Kalniz & Iorio Co., L.P.A., Theodore A. Bowman* and *William R. Menacher,* for appellee.

*such notice of such determination of the industrial commission.* Delivery of such notice to the address of such person or his representative shall be prima facie evidence of receipt of such notice by such person." (Emphasis added.)

There is a rebuttable presumption, sometimes called the "mailbox rule," that, once a notice is mailed, it is presumed to be received in due course. See *Young* v. *Bd. of Review* (1967), 9 Ohio App. 2d 25, 38 O.O. 2d 36, 222 N.E. 2d 789; and *Kimberly* v. *Arms* (1889), 129 U.S. 512, 529. R.C. 4123.522 provides that such presumption may, upon application to the commission, be rebutted by evidence which shows that the addressee did not receive the mailed notice, and "* * * that such failure was due to cause beyond the control * * *" of that person.

The commission in ruling on Ferro's motion for relief determined: "* * * that the employer's attorney did not receive notice of the findings from the order of the Industrial Commission dated December 9, 1985. The Commission further finds that such failure was beyond the control and without the fault or neglect of the employer's attorney and that the employer's attorney did not have actual knowledge of the information contained in such order." In other words, the commission found that the employer's attorney rebutted any presumption that he received notice of the commission's order refusing appeal, thus entitling Ferro to relief under R.C. 4123.522.

However, Weiss contends that R.C. 4123.522 is inapplicable to these facts because that section is limited to intra-agency appeals, relying upon this court's *per curiam* opinion in *Skiba* v. *Connor* (1983), 5 Ohio St. 3d 147, 5 OBR 313, 449 N.E. 2d 775. According-

ly, Weiss contends that, since R.C. 4123.519 controls and Ferro failed to file a notice of appeal within sixty days after April 16, 1986 (the day Ferro's counsel became aware of the commission's December 9, 1985 decision), the time for appeal had expired making Ferro's September 17, 1986 appeal untimely.

In *Skiba,* the claimant sought to invoke R.C. 4123.522 to extend her time for appeal under R.C. 4123.519 because she had not received notice of the order of the commission which rejected her appeal. *Skiba* held that R.C. 4123.522 is strictly an intra-agency remedy which does not affect an appeal to a common pleas court under R.C. 4123.519. *Skiba* further held that the time for appeal under R.C. 4123.519 did not commence until the claimant received notice of the commission's R.C. 4123.522 order reinstating her right to appeal. In other words, as we held in *Skiba* at 149, 5 OBR at 315, 449 N.E. 2d at 778, "* * * appellant received notice of the commission's decision denying her appeal at the time the commission granted her motion under R.C. 4123.522."

A closer examination of the plain language of R.C. 4123.522 and the language of R.C. 4123.516 governing intra-agency appeals gives support to the view of Justice Holmes, who, although concurring in the judgment of *Skiba,* dissented from the majority's characterization of R.C. 4123.522 as strictly an intra-agency provision.

The first paragraph of R.C. 4123.522 provides:

"The employee, employer and their respective representatives shall be entitled to written notice of any hearing, determination, order, award or decision under the provisions of Chapter 4123. of the Revised Code."

It is only upon *receipt* of this writ-

ten notice from the commission that the time for appeal to a common pleas court under R.C. 4123.519 begins to run.

*Skiba* specifically holds at 149, 5 OBR at 314-315, 449 N.E. 2d at 777-778:

"Appellant contends that R.C. 4123.522 is strictly an intra-agency remedy which does not affect an appeal under R.C. 4123.519. We agree with that proposition. Our conclusion is necessitated by the fact that the time within which an appeal must be taken to the court of common pleas under R.C. 4123.519 does not begin to run until the order of the commission is received. *Consequently, until the appealing party receives notice of an adverse decision of the commission, no rights of appeal may be lost under R.C. 4123.519.* Contrary to the position of the commission, *the language of R.C. 4123.522 is only meant to apply to situations where a party has lost a right to pursue a remedy by not receiving some notification. Since a party cannot lose the right to appeal to the court of common pleas until notice of the decision of the commission is received, R.C. 4123.522 has no application to the case at bar. * * *"* (Emphasis added.)

Nothing in R.C. 4123.522 expressly limits its applicability to intra-agency appeals. Furthermore, if the foregoing analysis in *Skiba* is carried to its logical conclusion, R.C. 4123.522 would have no applicability to intra-agency appeals.

Characterization of R.C. 4123.522 as strictly an intra-agency appeal is faulty. If "los[ing] a right to pursue a remedy by not receiving some notification" is the basis of determining the R.C. 4123.522 applicability, it cannot apply to intra-agency appeals. R.C.

4123.516 governs intra-agency appeals and provides in pertinent part:

"A claimant, an employer, or the administrator of the bureau of workers' compensation who is dissatisfied with a decision of the district hearing officer may appeal therefrom by filing a notice of appeal with the bureau, with a regional board of review, or with the industrial commission, *within twenty days after the date of receipt of notice* of the decision of the district hearing officer.

"* * *

"* * * The administrator, the claimant, or the employer may file an appeal to the commission from a decision of a regional board *within twenty days after the date of receipt of the decision.*

"* * *

"* * * No appeal by the administrator shall be timely unless filed within twenty days *following the date upon which the employer received the order from which the administrator seeks to appeal.*" (Emphasis added.)

The language of R.C. 4123.516 governing when the time for intra-agency appeals begins to run is virtually the same as the language in R.C. 4123.519 governing appeals to the common pleas court. Both statutes state that the time for appeal begins within a specified number of days "* * * after the date of [the] receipt of the decision * * *."

If, as held in *Skiba,* R.C. 4123.522 does not apply in situations where the time for appeal does not commence until receipt of the decision to be appealed, not only would R.C. 4123.522 not apply to appeals to the common pleas court, under R.C. 4123.519, but it also would not apply to intra-agency appeals under R.C. 4123.516, since the time for filing an intra-agency appeal

does not commence until notice of the decision to be appealed is received. *Skiba's* holding that R.C. 4123.522 applies only to intra-agency appeals was apparently premised upon a presumed distinction between the statutes governing intra-agency appeals and appeals to the court of common pleas, which distinction does not exist. Accordingly, R.C. 4123.522 is *not* limited to intra-agency appeals.

The purpose of R.C. 4123.522 is to extend the time for appeal in any case where a person can rebut the presumption of receipt of notice of the decision from the commission arising under the "mailbox rule." This is a special provision providing a procedure to be followed where there is a failure to receive notice of a decision and prevails over the general provisions of R.C. 4123.516 and 4123.519 as to the time for appeal. See R.C. 1.51. Since *Skiba, supra,* is inconsistent with this result, it is overruled to this extent.

The next issue to be addressed is when the time for appeal under R.C. 4123.519 began to run in the case *sub judice.* Weiss contends, and the appellate court held, that, when Ferro's counsel actually learned of the decision on April 16, 1986, the sixty-day period for appeal began to run under R.C. 4123.519. On the other hand, Ferro contends that the time for appeal under R.C. 4123.519 did not begin to run before September 2, 1986, the date the commission granted Ferro relief pursuant to R.C. 4123.522.

Pursuant to R.C. 4123.522, "[t]he employee, employer and their respective representatives * * *" (emphasis added) are entitled to written notice of any decision of the commission. Not until after receipt of this notice does the time for appeal under R.C. 4123.519 begin to run. At this point, there is a necessary distinction between "notice" and "actual knowledge." A party may have "actual knowledge" of the decision and still not have "notice." Notice, as used in these statutes, is the formal written notice from the commission detailing its decision required to be given by statute. The time for appeal under R.C. 4123.519 does not begin to run until receipt of such notice.

This conclusion is supported even by the *Skiba* decision. In *Skiba,* the claimant had yet to receive notice from the commission when she filed for relief under R.C. 4123.522. Although she had actual knowledge of the adverse decision of the commission, her time for appeal under R.C. 4123.519 had not begun. *Skiba* states at 149, 5 OBR at 315, 449 N.E. 2d at 778, that the claimant "* * * received notice of the commission's decision denying her appeal at the time the commission granted her motion under R.C. 4123.522."

Ferro's counsel was entitled to notice of the commission's decision of December 9, 1985, which denied the appeal. When counsel learned of the adverse decision on April 16, 1986, the sixty-day period under R.C. 4123.519 for appeal to the common pleas court had presumptively run since counsel was presumed to have received notice under the "mailbox rule." Accordingly, Ferro's time for appeal did not begin to run on April 16, 1986, when its counsel first learned of the commission's adverse decision. It was first necessary, as counsel did, to apply to the commission pursuant to R.C. 4123.522 for a determination that the presumption of receipt of the decision was factually incorrect and, thus, the filing of an appeal should be allowed. Ferro's time to appeal the commission's decision denying the appeal did not begin to run until September 2, 1986, when appellant received *notice* of

the commission's order granting appellant's motion under R.C. 4123.522 and of the adverse decision of December 9, 1985, referred to therein.

The proviso of R.C. 4123.522, "* * * that such person or his representative did not have actual knowledge of the import of the information contained in such notice * * *" in order to obtain relief does not change the result. In order for a party to file for relief under R.C. 4123.522, it obviously must have knowledge of the adverse decision of the commission. Without such knowledge, there would be no reason to file for relief under R.C. 4123.522. Therefore, knowledge cannot preclude relief under R.C. 4123.522 under all circumstances. If it did, R.C. 4123.522 would be reduced to a nullity. The purpose of the knowledge proviso is to prevent a party from delaying the filing of an appeal where notice has been sent to both the party and his representative, and one of them has not received such notice but is fully aware of the decision and receipt thereof by the other well within the twenty- or sixty-day period following receipt of such notice. R.C. 4123.522 is designed to afford relief where notice is not received by either the party or his representatives, and one or both of them has no knowledge of the decision. There is no duty upon a party who actually receives the notice to advise his representative immediately, since the party is entitled to rely upon compliance by the commission of its statutory duty to notify both the party and his representative. Thus, the proviso of R.C. 4123.522 does not preclude relief herein, and the finding by the commission of lack of knowledge on the part of counsel is appropriate.

The last issue raised in this appeal concerns the amount of time a party has to file an appeal following receipt of the commission's R.C. 4123.522 decision permitting a delayed appeal because of lack of notice. In *Skiba*, we held that the claimant was allowed sixty days from the date she received notice of the commission's granting her relief under R.C. 4123.522. However, this conclusion was based upon the finding that R.C. 4123.522 was an intra-agency remedy, and that the "* * * commission had no authority to impose a twenty-day period within which appellant was required to take an appeal to the court of common pleas." *Skiba* at 149, 5 OBR at 315, 449 N.E. 2d at 778.

As we held above, R.C. 4123.522 is *not* strictly an intra-agency remedy. R.C. 4123.522 applies to R.C. 4123.519 appeals to the court of common pleas, as well as to R.C. 4123.516 intra-agency appeals. Contrary to our holding in *Skiba,* a party granted relief under R.C. 4123.522 has the specified twenty days to file a notice of appeal regardless of whether the appeal is intra-agency or to the court of common pleas. The express language of R.C. 4123.522 requires such conclusion since it provides:

"* * * such person may take the action afforded to such person within *twenty* days after the receipt of such notice of such determination of the industrial commission." (Emphasis added.)

Ferro received notice of the commission's decision to grant relief under R.C. 4123.522 on September 2, 1986, and filed its appeal to the common pleas court on September 17, 1986, which is well within the statutory requirement of twenty days contained in that statute. Therefore, the Common Pleas Court of Lucas County has jurisdiction of Ferro's R.C. 4123.519 appeal. To the extent that *Skiba* is inconsistent with this conclusion, it is overruled.

For the foregoing reasons, the judgment of the court of appeals is reversed, and this cause is remanded to the court of common pleas for further proceedings.

*Judgment reversed and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS, J., concurs in judgment only.

ALBA L. WHITESIDE, J., of the Tenth Appellate District, sitting for RESNICK, J.