[Cite as *State ex rel. Hill-Foster v. Indus. Comm.*, 2015-Ohio-3745.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel. Glenda L. Hill-Foster, | : | |
| Relator, | : | |
| v. | : | No. 14AP-335 |
| Industrial Commission of Ohio, | : | (REGULAR CALENDAR) |
| Respondent.] | : | |
| | : | |

D E C I S I O N

Rendered on September 15, 2015

*Glenda L. Hill-Foster,* pro se.

*Michael DeWine*, Attorney General, and *Kevin J. Reis,* for respondent.

IN MANDAMUS

LUPER SCHUSTER, J.

{¶ 1} Relator, Glenda L. Hill-Foster, commenced this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order which denied her request for relief under R.C. 4123.52 and/or 4123.522, and ordering the commission to find that she is entitled to that relief, and further ordering the commission to accept her medical evidence and re-evaluate her claim.

{¶ 2} In April 2014, this court referred the matter to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. In July 2014, the commission filed a motion to dismiss. On November 19, 2014, the magistrate issued a decision, including findings of fact and conclusions of law, which is appended hereto. The

magistrate recommended this court deny respondent's motion to dismiss and further deny Hill-Foster's request for a writ of mandamus.

{¶ 3} Neither party filed objections to the magistrate's decision. Pursuant to Civ.R. 53(D)(4)(c), "[i]f no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Having reviewed the magistrate's decision in accordance with this standard, we find no facial defect as to the recitation of the facts. However, we find it necessary to clarify the conclusions of law.

{¶ 4} The magistrate noted that the commission moved to dismiss arguing that this court lacks jurisdiction because this matter involves Hill-Foster's right to participate and not the extent of her alleged disability. The motion to dismiss argued other grounds for dismissal, including arguing Hill-Foster failed to state a claim upon which relief can be granted. While the magistrate's decision sets forth the legal standard for dismissing a complaint for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6), the only argument from the motion to dismiss the magistrate analyzed was the commission's Civ.R. 12(B)(1) jurisdictional argument. Absent objections, we limit our review to errors evident on the face of the magistrate's decision.

{¶ 5} Specifically, the commission argued that Hill-Foster should have timely followed R.C. 4123.512 and filed a complaint in the Franklin County Court of Common Pleas, which has exclusive jurisdiction over "right to participate" cases. The magistrate properly rejected this jurisdictional argument because the issue before us is the denial of continuing jurisdiction under R.C. 4123.522, rather than the underlying right to participate. Because Hill-Foster is alleging the commission abused its discretion when it did not grant her relief pursuant to R.C. 4123.522, this court has jurisdiction. *See State ex rel. Prestige Delivery Sys., Inc. v. Indus. Comm.*, 10th Dist. No. 02AP-622, 2003-Ohio-3329, ¶ 25 (finding the denial of an R.C. 4123.522 request not appealable to the common pleas court, but a mandamus action is available to challenge such an order).

{¶ 6} Therefore, we modify the magistrate's decision to clarify the jurisdictional ruling. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law, as modified and clarified herein. In accordance with the

magistrate's decision, the commission's motion to dismiss is denied and Hill-Foster's requested writ of mandamus is also denied.

*Motion to dismiss denied;*
*writ of mandamus denied.*

BROWN, P.J., and SADLER, J., concur.

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

[State ex rel. Glenda L. Hill-Foster,          :

          Relator,          :

v.                                                                           No. 14AP-335

                                                             :

Industrial Commission of Ohio,          :          (REGULAR CALENDAR)

          Respondent.]          :

                                                             :

---

### MAGISTRATE'S DECISION

#### Rendered on November 19, 2014

---

*Glenda L. Hill-Foster,* pro se.

*Michael DeWine*, Attorney General, and *Kevin J. Reis,* for respondent.

---

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 7}   Relator, Glenda L. Hill-Foster, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied her request for relief under R.C. 4123.52 and/or R.C. 4123.522, and ordering the commission to find that she is entitled to that relief, and further ordering the commission to accept her medical evidence and reevaluate her claim.

<u>Findings of Fact:</u>

{¶ 8}   1. Relator was employed at Net Jet Service, Inc. ("Net Jets") from December 20, 1999 through October 3, 2003 when she left for reasons which are not reflected in the evidence.

{¶ 9}    2.  In October 2003, relator filed a First Report of Injury form ("FROI-1") alleging that she sustained a work-related injury some time in January 2001.  Relator's FROI-1 alleged unspecified injuries to her "neck, rotator cup [sic], shoulder [and] arm."

{¶ 10}  3.  Relator completed a second FROI-1 alleging that she sustained a work-related injury some time in January 2002.  This FROI-1 alleges unspecified injuries to "all other; multiple body parts N/A."  Relator described the cause of her injury:

> The job I perform [and] the overload of work in a daily basis caused me my injuries. The job I did was enough for 1 person [and] a part time person[.] The overload increased tremendously over a year and a half. I asked for help [and] got none due to the fact that (temp) the person I was to get help, she determined her schedule [and] (?) [sic] she could not work with me. So I was left to do the work by myself.

{¶ 11}  4.  Net Jets rejected relator's claim on grounds that she was no longer employed by Net Jets and had never reported a work-related injury at the time alleged.

{¶ 12}  5.  The Ohio Bureau of Workers' Compensation ("BWC") sent letters to relator, Net Jets, and Joan E. King, D.O., the physician listed on relator's FROI-1.  The letters requested that relator, Net Jets, and Dr. King submit medical documentation to support relator's FROI-1.

{¶ 13}  6.  In an order mailed November 7, 2003, the BWC disallowed relator's claim because "[m]edical documentation was not submitted to establish a causal relationship."  The order notified relator that she had 14 days from the receipt of the order to file an appeal with the commission.

{¶ 14}  7.  Relator did not file an appeal within 14 days nor did relator provide medical documentation in support of her FROI-1.

{¶ 15}  8.  According to the stipulation of evidence, relator sought legal advice from Stephen L. Mindzak, Attorney at Law, in October 2005, The Bainbridge Firm and Eric A. Jones in August 2009, and from Philip J. Fulton Law Office in December 2012.  Each of these three attorneys filed representation notices; however, none of them filed any motion or took any action on relator's behalf.

{¶ 16}  9.  In June 2012, relator filed a notice of appeal with the commission and noted the following reason for the appeal:  "To present medical documentation to establish a causal relationship to claim on behalf of the injured worker's claim for the

injury descriptions of neck, rotator cuff, shoulder, arm."   In her appeal, relator also sought relief under R.C. 4123.52 and/or R.C. 4123.522, and stated the basis of such relief was:  "Other (please see attached document of explanation)."  (No explanation nor any other documentation appears to have been attached to relator's motion.)

{¶ 17} 10.  A notice of hearing was sent to relator informing her that her request for relief under R.C. 4123.52 and/or 4123.522 would be heard before a staff hearing officer ("SHO") on Thursday, November 15, 2012.

{¶ 18} 11.  At the time of the hearing, relator filed another form indicating that relief under R.C. 4123.522 was requested because she did not receive a copy of an order dated July 13, 2012.  Relator did not indicate what entity issued the order which she did not receive and, neither relator nor the BWC has presented a copy of any order dated July 13, 2012.  Relator indicated this order was mailed to an incorrect address.

{¶ 19} 12.  The matter was heard before an SHO on November 15, 2012 and the SHO denied relator's request for relief under R.C. 4123.52 and/or 4123.522 as follows:

> The Injured Worker filed an Ohio Workers' Compensation claim on 10/04/2003. This claim was denied by [the] Bureau of Workers' Compensation order of 11/07/2003. The Injured Worker never appealed this decision.
>
> There is evidence in the record that the Injured Worker sought legal advice related to this claim in 2005 and again in 2009. Both Attorneys contacted by the Injured Worker are well known experienced Attorneys well versed in Ohio Workers' Compensation law. Neither Attorney took any action regarding this claim.
>
> The Injured Worker has taken no action in this claim. The Injured Worker's claim was denied back in 2003, close to a decade ago. The Injured Worker should have received a copy of the denial order back in 2003. The Injured Worker should have reasonably known years ago that her claim had been denied. Even if the Injured Worker did not receive the order in 2003, and the evidence does not establish that presumption, the Injured Worker should have known multiple years ago that her claim had been denied. The Injured Worker's complete failure to pursue her rights in any timely fashion is now a bar to her request for .522 [sic] relief.
>
> Ohio Revised Code 4123.522 states in part: "If any person to whom a notice is mailed fails to receive the notice and the

commission, upon hearing, determines that the failure was due to cause beyond the control and without the fault or neglect of such person or his representative and that such person or his representative did not have actual knowledge of the import of the information contained in the notice, such person may take the action afforded to such person within twenty-one days after the receipt of the notice of such determination of the commission. Delivery of the notice to the address of the person or his representative is prima-facie evidence of receipt of the notice by the person."

The relief sought by the Injured Worker shall not be granted unless the Injured Worker or her representative did not have actual knowledge of the import of the * * * information contained in the notice. The Injured Worker twice contacted competent attorneys well versed in the Ohio Workers' Compensation law. The Injured Worker clearly was aware of the Bureau of Workers' Compensation order of 11/07/2003 and the fact that her claim had been denied. Further, the Injured Worker has not established that she did not receive a mailed copy of the Bureau of Workers' Compensation order of 11/07/2003.

The Injured Worker has failed to establish a basis for the [Industrial Commission] to find continuing jurisdiction over this claim under Ohio Revised Code 4123.52. The Injured Worker's six page statement asking for the right to "re-appeal" her case was * * * read, but her statement does not establish a legal basis for the [Industrial Commission] to exercise continuing jurisdiction over the claim.

The claim was denied in 2003 and the [Industrial Commission] does not have continuing jurisdiction to reconsider the matter.

{¶ 20} 13.  After the SHO determined there was no basis for exercising continuing jurisdiction or to reconsider relator's denied claim under R.C. 4123.522, an ex parte order was issued dismissing relator's appeal as untimely.

{¶ 21} 14.  Thereafter, relator filed the instant mandamus action in this court. With her evidentiary packet (to which respondent did not stipulate), relator has submitted medical records some which date back to 2003.  Some of these documents appear to be office notes from doctors and operative reports.  Further, relator has included statements from Blue Cross/Blue Shield showing payment for various medical

procedures.  None of these documents appear to have been filed with either the BWC or the commission.

{¶ 22} 15. On July 14, 2014, the commission filed a motion to dismiss arguing that this is a right to participate case and not an extent of disability case, and this court does not have jurisdiction.

{¶ 23} 16. The matter is currently before the magistrate on respondent's motion to dismiss and relator's request for a writ of mandamus.

Conclusions of Law:

{¶ 24} For the reasons that follow, it is this magistrate's decision that this court should deny respondent's motion to dismiss and further deny relator's request for a writ of mandamus.

{¶ 25} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law.  *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 26} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief.  *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).  A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record.  *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986).  On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate.  *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987).  Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder.  *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 27} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint.  *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992).  In reviewing the complaint,

the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. *Id.*

{¶ 28} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242 (1975). As such, a complaint for writ a of mandamus is not subject to dismissal under Civ.R. 12(B)(6), if the complaint alleges the existence of a legal duty by the respondent and the lack of an adequate remedy at law for relator with sufficient particularity to put the respondent on notice of the substance of the claim being asserted against it, and it appears that relator might prove some set of facts entitling him to relief. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94 (1995).

{¶ 29} In its motion to dismiss, respondent argues that relator's failure to appeal the disallowance of her claim in 2003 bars her from being able to bring this mandamus action. Respondent asserts that relator's option was to follow R.C. 4123.512, and file a complaint in the Franklin County Court of Common Pleas ("common pleas court"). Because relator's claim was never allowed, respondent contends that this is a "right to participate" case and not an "extent of disability case." As such, respondent contends that the common pleas court has jurisdiction and this court does not.

{¶ 30} In a sense, respondent is correct. Relator's claim has never been allowed. However, relator has asserted that she did not receive a copy of the November 7, 2003 order which denied her claim. As such, relator was not prohibited from bringing a mandamus action asserting that the commission abused its discretion when it did not grant her relief pursuant to R.C. 4123.522 and, as such, respondent's motion to dismiss should be denied.

{¶ 31} R.C. 4123.522 provides, in pertinent part, as follows:

> The employee, employer, and their respective representatives are entitled to written notice of any hearing, determination, order, award, or decision under this chapter * * *. An employee, employer * * * is deemed not to have received notice until the notice is received from the industrial commission or its district or staff hearing officers, the administrator, or the bureau of workers' compensation

by both the employee and his representative of record, both the employer and his representative of record[.]

If any person to whom a notice is mailed fails to receive the notice and the commission upon hearing, determines that the failure was due to cause beyond the control and without the fault or neglect of such person or his representative and that such person or his representative did not have actual knowledge of the import of the information contained in the notice, such person may take the action afforded to such person within twenty-one days after the receipt of the notice of such determination of the commission. Delivery of the notice to the address of the person or his representative is prima-facie evidence of receipt of the notice by the person.

{¶ 32} R.C. 4123.522 provides "a rebuttal presumption, sometimes called the 'mailbox rule' that, once a notice is mailed, it is presumed to be received in due course." *Weiss v. Ferro Corp.*, 44 Ohio St.3d 178, 180 (1989).  In order to successfully rebut that presumption, the party alleging the failure to receive notice must prove that:

(1) the failure of notice was due to circumstances beyond the party's or the party's representative's control, (2) the failure of notice was not due to the party's or the party's representative's fault or neglect, and (3) neither the party nor the party's representative had prior actual knowledge of the information contained in the notice.

{¶ 33} Relator has not submitted an affidavit nor has she submitted other evidence to establish all the elements necessary to rebut the presumption of delivery under R.C. 4123.522.  To the extent that relator checked the box on the form indicating that the order was mailed to an incorrect address, relator never explains when she left the Westerville, Ohio address listed on her FROI-1, and to which the order was mailed. While relator does currently provide a different address in New Albany, Ohio, relator has not indicated when she moved to that address and, had she moved during the pendency of the action in 2003, relator has not demonstrated that she submitted a change of address form so the order would be mailed to the proper address.  As such, relator has not demonstrated that any failure of notice was due to circumstances beyond her control.

{¶ 34} Based on the foregoing, it is this magistrate's decision that this court should deny respondent's motion to dismiss. However, inasmuch as relator has failed to demonstrate that the commission abused its discretion in denying her relief pursuant to either R.C. 4123.52 and/or 4123.522, this court should deny relator's request for a writ of mandamus.


/S/ MAGISTRATE
STEPHANIE BISCA


### NOTICE TO THE PARTIES

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).