THE STATE EX REL. JORDAN, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Jordan v. Indus. Comm.*,
102 Ohio St.3d 153, 2004-Ohio-2115.]

(No. 2003–1305—Submitted March 30, 2004—Decided May 12, 2004.)

Per Curiam.

{¶ 1} Appellant-claimant, Jimmie L. Jordan Jr., broke his left wrist at work on September 28, 2000. Appellee-employer Ford Motor Company thereafter offered—and claimant accepted—a light-duty job at the same hourly wage as before. Unlike his prior job, however, claimant, for reasons yet to be determined, received substantially less overtime, despite an absence of medical restrictions limiting the number of hours he could work. Consequently, claimant's weekly earnings were usually less than those before his injury.

{¶ 2} Claimant eventually moved for wage-loss compensation pursuant to R.C. 4123.56(B). A district hearing officer ("DHO") for appellee Industrial Commission of Ohio denied the application, finding no causal relationship between claimant's injury and his reduced hours. Without explaining, the DHO said simply that "[a]ny loss of overtime would appear to be related to any number of factors." A staff hearing officer ("SHO") also denied the application, but for other reasons. In an ambiguous order, the SHO suggested the absence of an

actual wage loss in citing a lack of evidence that others in claimant's former position of employment were still receiving overtime. She also, however, mentioned a lack of evidence that claimant would have accepted overtime if offered, implying no causal relationship between wage loss and injury. Further consideration was denied.

{¶ 3} Claimant petitioned the Court of Appeals for Franklin County for a writ of mandamus, claiming that the commission had abused its discretion in denying his request for compensation. The court of appeals, speaking through its magistrate, noted that "the record includes no evidence to show *why* claimant did not receive overtime hours." Rather than order the commission to reconsider the application, however, the court denied the writ, prompting claimant's appeal to this court as of right.

{¶ 4} Compensation for wage loss demands actual wage loss and a causal connection to injury. *State ex rel. Watts v. Schottenstein Stores Corp.* (1993), 68 Ohio St.3d 118, 623 N.E.2d 1202. The commission's denial is conflicting, drifting between suggestions of no actual wage loss and no causal relationship. The court of appeals upheld the commission's order, but clearly on the basis of no causal relationship. For the reasons to follow, we reverse that judgment and order the commission to conduct further proceedings and issue an amended order.

{¶ 5} The parties agree that claimant was making approximately $1,300 per week when injured. He quickly took light-duty work with the same employer at the same $22.23 hourly rate as before. From these numbers, it follows that if the claimant was earning $1,300 weekly, he was working considerable overtime to get it.

{¶ 6} During the disputed period, claimant worked minimal overtime with a commensurate decline in earnings, and it is around this that controversy revolves. The commission's order implied that no wage loss existed, based on the absence of evidence that others in claimant's former classification were still receiving overtime during that period. Claimant assails that reasoning, citing *State ex rel. Bos v. Navistar Internatl. Transp. Corp.* (2000), 90 Ohio St.3d 314, 738 N.E.2d 791.

{¶ 7} *Bos* involved a claimant whose former associates apparently received a raise after injury forced claimant into a lower-paying assignment. The commission refused to compare claimant's post-injury earnings with those of his fellow employees to calculate wage-loss differential, and the court of appeals upheld the order. We did not, however, address this holding, confining our analysis instead to the novel wage-averaging proposal raised in Navistar's sole proposition of law.

{¶ 8} *Bos* does not, therefore, advance claimant's argument, but that does not detract from his position's overall viability. Ohio Adm.Code 4125–1–01(F) prescribes the claimant's average weekly wage as the preinjury benchmark against

which to compare post-injury earnings. Therefore, any changes to what claimant could have been making had he remained at his former position of employment—via raises or overtime—are irrelevant. *Bos* renders even less germane *to the question of actual wage loss* the earnings of others and the amount of their underlying overtime. The commission thus abused its discretion to the extent that it attempted to assess claimant's wage loss by comparing it to the overtime available to those in his former position.

{¶ 9} Actual wage loss is, of course, inconsequential absent a causal relationship to claimant's allowed conditions. The DHO specifically found no causal relationship between the industrial injury and reduced wages, but the SHO adopted completely different reasoning in denying claimant's wage-loss application. The SHO having found no actual wage loss, the question of causal relationship became moot, and the SHO went no further. She did offhandedly refer to a lack of evidence that "claimant would have accepted such overtime if offered," but that is not entirely accurate. Claimant's preinjury pattern of routinely performing overtime, at a minimum, suggests his willingness to accept overtime.

{¶ 10} Acceptance, however, is predicated on overtime being offered, and, on this, the commission is silent. Two key questions thus remain unaddressed. First, was overtime offered? If it was and was declined, claimant's refusal—unless supported by medical restrictions on the number of hours claimant could work—would break the requisite causal connection. Second, if it was not offered, then why not? If, for example, overtime was rescinded on a plantwide basis for economic reasons, then again there would be no causal connection. If, however, the employer singled out claimant because of his injury, a causal relationship between injury and wage loss could be present.

{¶ 11} For these reasons, further consideration of the question of causal relationship is warranted. The judgment of the court of appeals is reversed, and the cause is returned to the commission for further proceedings and an amended order.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

———————

Gallon & Takacs Co., L.P.A., and Theodore A. Bowman, for appellant.

Jim Petro, Attorney General, and Dennis L. Hufstader, Assistant Attorney General, for appellee Industrial Commission.

Bugbee & Conkle, L.L.P., Robert L. Solt and Mark S. Barnes, for appellee Ford Motor Company.