[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. BF Goodrich Co., Specialty Chems. Div. v. Indus. Comm.*, Slip Opinion No. 2016-Ohio-7988.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-7988

THE STATE EX REL. BF GOODRICH COMPANY, SPECIALTY CHEMICALS DIVISION, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. BF Goodrich Co., Specialty Chems. Div. v. Indus. Comm.*, Slip Opinion No. 2016-Ohio-7988.]

*Workers' compensation—Working-wage loss—Industrial Commission did not abuse discretion in awarding compensation for working-wage loss attributed to claimant's lack of overtime earnings while working in light-duty position—Record contained evidence that claimant was placed in light-duty program because of medical restrictions causally related to allowed conditions of claim and that claimant's appeal from initial denial of application for wage-loss compensation had been timely filed—Court of appeals' judgment denying writ of mandamus affirmed.*

(No. 2015-1243—Submitted August 16, 2016—Decided December 6, 2016.)

APPEAL from the Court of Appeals for Franklin County,

No. 13AP-1056, 2015-Ohio-2239.

_____

**Per Curiam.**

{¶ 1} Appellant, BF Goodrich Company, Specialty Chemicals Division ("Goodrich"), appeals the judgment of the Tenth District Court of Appeals denying its request for a writ of mandamus to require appellee Industrial Commission to vacate its order awarding appellee Marilynne J. Earles compensation for working-wage loss, as authorized by R.C. 4123.56(B), attributed to Earles's lack of overtime earnings while working in a light-duty position.

{¶ 2} For the reasons that follow, we affirm the judgment of the court of appeals.

{¶ 3} On August 12, 2011, Earles was injured in the course and scope of her employment with Goodrich. She returned to work on February 13, 2012, with temporary restrictions on climbing, heavy pushing, lifting and carrying, and performing overhead work. There were no restrictions on the number of hours she could work.

{¶ 4} Earles was placed in Goodrich's light-duty/restricted-employee work program. The terms of the work program were set forth in a 2007 collective-bargaining agreement between Goodrich and the United Auto Workers of America, Local 128. Its purpose was "to provide medically-restricted employees an opportunity to work and make a value-added contribution to the products manufactured."

{¶ 5} The collective-bargaining agreement provided that employees assigned to the program were eligible for overtime only if their medical restrictions allowed and "only after all other employees in the classification and shift to which they have been borrowed have been given the opportunity to work overtime." A subsequent collective-bargaining agreement, effective February 19, 2012, provided that "[e]mployees on light duty outside of their own job classification will not be eligible for overtime."

{¶ 6} Earles filed an application for wage-loss compensation based on a reduction in her earnings attributed to the lack of overtime in her light-duty position for the following periods: February 13 to March 2, 2012, and March 12 to 18, 2012. A district hearing officer denied the application. The order, mailed on November 23, 2012, notified the parties and their representatives that an appeal could be filed within 14 days of receipt of the order.

{¶ 7} On December 13, 2012, a union representative, William Hannah, filed an appeal on behalf of Earles. A staff hearing officer refused the appeal for lack of jurisdiction after finding that it had not been timely filed. Hannah again appealed for Earles, this time with an affidavit in which he attested that he had received the previous commission order on November 29, 2012, and had timely filed the appeal within 14 days on December 13, 2012.

{¶ 8} The commission accepted the appeal and awarded wage-loss compensation. The commission determined that Earles's medical restrictions resulted from the allowed conditions of her claim, that she had worked overtime prior to her work-related injury, and that when she returned to light-duty work, she was not eligible for overtime in that position under the 2012 collective-bargaining agreement.

{¶ 9} Goodrich filed a complaint in mandamus alleging that the commission had abused its discretion. According to Goodrich, there was no evidence that Earles's medical restrictions prevented her from working overtime. Moreover, Goodrich argues, the commission failed to apply the "mailbox rule" and therefore wrongly determined that Earles's administrative appeal was timely filed.

{¶ 10} The court of appeals denied the writ.

{¶ 11} This matter is before this court on Goodrich's appeal as of right.

*Working-Wage Loss*

{¶ 12} Working-wage loss is payable to a claimant who suffers a wage loss as a result of returning to employment other than the employee's former position

of employment due to an injury or occupational disease. R.C. 4123.56(B)(1). Ohio Adm.Code 4125-1-01(A)(15) clarifies that "the extent of the diminishment [in wages] must be the direct result of physical and/or psychiatric restriction(s) caused by the impairment that is causally related to an industrial injury or occupational disease in a claim allowed under Chapter 4123. of the Revised Code."

{¶ 13} Goodrich contends that for Earles to be entitled to compensation for working-wage loss, her lack of overtime earnings must be directly caused by medical restrictions that specifically limit overtime work. Goodrich argues that because Earles had physical restrictions but no restrictions on the amount of hours she could work, her wage loss was the result of the 2012 collective-bargaining agreement's prohibition on overtime.

{¶ 14} We do not agree. There are two components of a wage-loss claim—actual wage loss and a causal connection with the workplace injury. *State ex rel. Jordan v. Indus. Comm.*, 102 Ohio St.3d 153, 2004-Ohio-2115, 807 N.E.2d 351, ¶ 4; *State ex rel. Watts v. Schottenstein Stores Corp.*, 68 Ohio St.3d 118, 121, 623 N.E.2d 1202 (1993). There is no dispute that Earles suffered a reduction in wages during the periods of time at issue. As to the second component of a wage-loss claim, the definition of "working-wage loss" in Ohio Adm.Code 4125-1-01(A)(15) states that the diminishment in wages must be the "direct result of physical and/or psychiatric restriction(s) caused by the impairment that is causally related to an industrial injury." Stated in other words, the loss of wages must be causally related to the allowed conditions of the claim. The record contained evidence that Earles was placed in the light-duty program because of her medical restrictions causally related to the allowed conditions of her claim.

{¶ 15} Next, Goodrich maintains that *Jordan* and *State ex rel. DaimlerChrysler v. Indus. Comm.*, 10th Dist. Franklin No. 06AP-895, 2007-Ohio-5093, require evidence that the employer singled out the injured worker because of her or his particular work restrictions and denied the opportunity for overtime.

Goodrich argues that there is no evidence that Earles was singled out and denied overtime for some sort of punitive reason related specifically to her injury or medical restrictions.

{¶ 16} *Jordan* involved an ambiguous commission order that was unclear as to the causal relationship between the claimant's decline in wages and lack of overtime hours. Based on a lack of evidence explaining why the claimant's overtime had decreased, this court remanded the cause to the commission for it to further consider whether the claimant had been offered overtime and if he had not, to determine why. *Jordan* at ¶ 10 and 11. This analysis is not relevant here, where overtime was regulated by the express terms of Goodrich's light-duty program and applied to all who participated in it.

{¶ 17} *DaimlerChrysler* involved an injured mechanic who transferred to a different position because of medical restrictions from a workplace injury. The new position offered fewer overtime hours. The court of appeals concluded that the fluctuation in the available amount of overtime hours in the new department was the reason for the wage difference, not the injury or work restrictions. *DaimlerChrysler* at ¶ 10.

{¶ 18} The commission contends that *Jordan* and *DaimlerChrysler* examined the proximate cause of a claimant's wage loss and concluded that if the wage loss was due to economic reasons, such as a company-wide reduction in overtime, the claimant could not establish a causal link between the workplace injury and the wage loss. According to the commission, unlike the claimants in *Jordan* and *DaimlerChrysler*, Earles was barred from working overtime because she had suffered an injury and was in the light-duty program because of her medical restrictions.

{¶ 19} We agree. Here, there was evidence that Earles was placed in the light-duty program because of her medical restrictions. The 2012 collective-bargaining agreement prohibited all employees participating in the light-duty

program from working overtime hours. There was no evidence that Earles was singled out because of her injury. Thus, the commission did not abuse its discretion when it concluded that Earles's wage loss was the direct result of her inability to return to her previous position due to the physical restrictions resulting from her claim.

*Appeal Was Timely Filed*

**{¶ 20}** Goodrich contends that Hannah's appeal from the order of the district hearing officer was outside the 14-day statutory appeal period and that the commission abused its discretion when it did not apply the "mailbox rule" to calculate the appeal time. Goodrich relies on the rebuttable presumption that once a notice or order is mailed, it is presumed to have been received in due course, *Weiss v. Ferro Corp.*, 44 Ohio St.3d 178, 180, 542 N.E.2d 340 (1989), and argues that under a straightforward application of the mailbox rule, the appeal was due by December 10, 2012.

**{¶ 21}** R.C. 4123.511(C) provides that a party may appeal the decision of a district hearing officer within 14 days after receipt of the order. The commission considered Hannah's affidavit to be evidence that he had received the order on November 29, 2012, and thus, that the appeal had been timely filed within 14 days on December 13, 2012. We agree with the court of appeals that the mailbox rule does not apply here.

**{¶ 22}** The commission considered the evidence submitted by Hannah to be credible. Therefore, the commission did not abuse its discretion when it concluded that the appeal was timely filed.

*Oral Argument*

**{¶ 23}** Finally, Goodrich requests oral argument in this matter. Granting oral argument in an appeal as of right is subject to this court's discretion. S.Ct.Prac.R. 17.02(A). In exercising that discretion, we consider "whether the case involves a matter of great public importance, complex issues of law or fact, a

6

substantial constitutional issue, or a conflict among courts of appeals." *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444, ¶ 15, citing *State ex rel. United Auto., Aerospace & Agricultural Implement Workers of Am. v. Ohio Bur. of Workers' Comp.*, 108 Ohio St.3d 432, 2006-Ohio-1327, 844 N.E.2d 335, ¶ 25-26. These factors are not present in this matter, and we deny Goodrich's request.

{¶ 24} Accordingly, we affirm the judgment of the court of appeals and deny the writ.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LANZINGER, FRENCH, and O'NEILL, JJ., concur.

O'DONNELL, J., dissents, with an opinion joined by KENNEDY, J.

_____

**O'DONNELL, J., dissenting.**

{¶ 25} I respectfully dissent.

{¶ 26} In my view, the court should have granted oral argument in this case, because it involves a matter of great general interest. There are thousands of claimants whose employment injuries prevent them from returning to work and necessitate medical restrictions and participation in some type of light duty employment. The question concerning whether wage-loss compensation is permitted in the circumstances of this case is therefore capable of repetition; in fact, the majority's conclusion that this case does not involve a matter of public or great general interest is inconsistent with our decision to grant oral argument on the same issue in *State ex rel. Cleveland v. Indus. Comm.*, 146 Ohio St.3d 1488, 2016-Ohio-5585, 57 N.E.3d 1168.

{¶ 27} More significant is the fact that the Tenth District Court of Appeals followed its own holding in *State ex rel. Cleveland*, 10th Dist. Franklin 13AP-1069, 2015-Ohio-2165, when it concluded that Earles, the claimant here, is entitled to

wage-loss compensation. Whether an injured employee who is prevented from working overtime for nonmedical reasons is entitled to wage-loss compensation is a question of statewide concern to employers and employees that should have been the subject of oral argument.

{¶ 28} Ohio Adm.Code 4125-1-01(A)(15) provides that any wage loss "must be the *direct result* of physical and/or psychiatric restriction(s) caused by the impairment that is causally related to an industrial injury or occupational disease in a claim allowed under Chapter 4123. of the Revised Code." (Emphasis added.)

{¶ 29} Thus, the administrative rule mandates that the denial of overtime and the resulting loss of wages must directly result from medical restrictions that prevent the employee from working longer hours, and therefore, wage-loss compensation is not available to an employee who is medically able to work overtime but who is prevented from doing so for nonmedical reasons.

{¶ 30} Here, it appears that the loss of wages is not "the direct result" of a medical restriction, but rather it seems to emanate from the terms of the collective bargaining agreement that prohibit overtime for those assigned to light duty outside of their own job classification even if the employee's medical restrictions allow the employee to work additional hours. But for the collective bargaining agreement negotiated by her union and but for her assignment to light duty outside her job classification, Earles would be permitted to work overtime. Thus, arguably, the loss of overtime wages is not the direct result of a restriction caused by a physical impairment directly related to an industrial injury; rather, it is the direct result of the negotiated terms of the collective bargaining agreement. This is why this case should be scheduled for oral argument to allow these issues to be fully analyzed.

KENNEDY, J., concurs in the foregoing opinion.

_____

Calfee, Halter & Griswold, L.L.P., William L.S. Ross, and Christopher M. Ward, for appellant.

Michael DeWine, Attorney General, and Cheryl J. Nester, Assistant Attorney General, for appellee Industrial Commission.

Stephen E. Mindzak Law Offices, L.L.C., and Stephen E. Mindzak, for appellee Marilynne J. Earles.

_____