DECISION
{¶ 1} Relator, Eastlyn Alleyne, commenced this original action requesting a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate the April 24, 1998 order of its district hearing officer ("DHO") setting relator's average weekly wage ("AWW") at $4.85 and to enter a new order setting AWW in accordance with law.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In that decision, the magistrate concluded that the 1998 DHO order setting AWW at $4.85 was a final commission order because it was not administratively appealed and because relator was unsuccessful in obtaining R.C. 4123.522 relief. Moreover, relator failed to exercise her adequate administrative remedy. Therefore, the magistrate has recommended that we deny the requested writ of mandamus.
 {¶ 3} No objections have been filed to the magistrate's decision.
 {¶ 4} Finding no error of law or other defect on the face of the magistrate's decision, we adopt the decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation, the requested writ of mandamus is denied.
Writ of mandamus denied.
 Bryant and Petree, JJ., concur. APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. Eastlyn Alleyne, : Relator, : v. : No. 03AP-811 The Industrial Commission of Ohio : (REGULAR CALENDAR) and Marc Glassman, Inc., : Respondents. :
 MAGISTRATE'S DECISION Rendered on March 24, 2004 Yulish, Twohig Associates Co., L.P.A., and Jeffery S.Watson, for relator.
Jim Petro, Attorney General, and Gerald H. Waterman, for respondent Industrial Commission of Ohio.
David R. Cook, for respondent Marc Glassman, Inc.
 IN MANDAMUS {¶ 5} In this original action, relator, Eastlyn Alleyne, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate the April 24, 1998 order of its district hearing officer setting relator's average weekly wage ("AWW") at $4.85 and to enter a new order setting AWW in accordance with law.
Findings of Fact:
 {¶ 6} 1. On November 14, 1997, relator sustained an industrial injury while employed with respondent Marc Glassman, Inc., a self-insured employer under Ohio's workers' compensation laws. The employer certified the claim for "laceration of the right wrist."
 {¶ 7} 2. On March 12, 1998, relator filed a wage statement on a form ("C-94-A") provided by the Ohio Bureau of Workers' Compensation ("bureau"). The bureau uses the C-94-A form to calculate the claimant's AWW.
 {¶ 8} 3. The employer of record requested a hearing regarding the wage statement and the setting of AWW. Consequently, a district hearing officer ("DHO") scheduled a hearing on the matter for April 24, 1998.
 {¶ 9} 4. On April 8, 1998, notices were mailed to the parties. A notice was mailed to relator at an address located at Solon, Ohio.
 {¶ 10} 5. The matter was heard by the DHO on April 24, 1998 as scheduled. No one appeared for the claimant at the hearing.
 {¶ 11} 6. Thereafter, the DHO issued an order stating:
It is the order of the District Hearing Officer that the C-94-A Wage Statement filed by Claimant on 03/12/1998 is granted to the extent of this order.
District Hearing Officer sets average weekly wage at $4.85 based on the available wage information provided by the claimant.
 {¶ 12} 7. The DHO's order of April 24, 1998 was mailed to relator at the same address located at Solon, Ohio.
 {¶ 13} 8. The DHO's order of April 24, 1998 was not administratively appealed.
 {¶ 14} 9. On August 11, 1998, relator moved for relief from the April 24, 1998 DHO's order pursuant to R.C. 4123.522 and4123.52. Relator indicated that she had moved from Solon to Cleveland, Ohio in January 1998.
 {¶ 15} 10. Following a March 25, 1999 hearing, a staff hearing officer ("SHO") issued an order denying relator's August 11, 1998 motion. The SHO found that relator's failure to receive a copy of the DHO's order of April 24, 1998, was the result of her own fault and neglect for failing to timely notify the commission or bureau of her change of address.
 {¶ 16} 11. Relator requested reconsideration of the SHO's order of March 25, 1999. The commission denied reconsideration.
 {¶ 17} 12. Thereafter, relator filed in this court a mandamus action which was assigned case number 99AP-639. In that action, relator asked this court to issue a writ of mandamus ordering the commission to vacate its order denying her relief from the April 24, 1998 DHO's order and to enter an order granting her relief from the DHO's order.
 {¶ 18} 13. On November 30, 1999, a magistrate of this court issued a magistrate's decision in case number 99AP-639. The magistrate concluded that the writ should be denied.
 {¶ 19} 14. On June 1, 2000, this court issued a memorandum decision in case number 99AP-639. In this court's judgment entry of June 2, 2000, this court adopted the magistrate's decision and denied the writ of mandamus.
 {¶ 20} 15. On July 26, 2000, relator moved the commission for the recognition of additional claim allowances. In that same motion, relator also asked the commission to exercise its continuing jurisdiction to correct or modify the DHO's order of April 24, 1998 setting AWW at $4.85.
 {¶ 21} 16. Following a January 5, 2001 hearing, a DHO issued an order granting additional claim allowances but refusing to revisit AWW. The DHO's order states:
The District Hearing Officer finds that the issue of claimant's Average Weekly Wage is res judicata per 4/24/98 District Hearing Officer order. Claimant's contention that continuing jurisdiction requires reconsideration of the Average Weekly Wage because the District Hearing Officer failed to consider the 3/12/94 C-94A is not substantiated.
 {¶ 22} 17. Relator administratively appealed the DHO's order of January 5, 2001.
 {¶ 23} 18. Following a February 12, 2001 hearing, an SHO issued an order stating that the DHO's order was being modified. Regarding the AWW issue, the SHO's order of February 12, 2001 states:
Staff Hearing Officer finds that the issue of setting of the AWW is res judicata. The issue was decided by the 4-24-98 DHO order. Staff Hearing Officer finds that there has been no proof offered that the evidence in the file was not considered or evaluated to render the decision.
Staff Hearing Officer finds that the issue of continuing jurisdiction is, also, res judicata.
This was argued before the Court of Appeals. In its 6-1-00 decision the Court stated, "In considering the circumstances under which continuing jurisdiction may be exercised, it is this magistrate's conclusion that relator has not demonstrated that her situation falls under any of those circumstances".
This decision is based on the 4-24-98 DHO order and the 6-1-00 Court of Appeals decision. All the evidence, arguments, and testimony submitted as of the date of this hearing have been reviewed and evaluated to render this decision.
 {¶ 24} 19. On March 10, 2001, the commission refused to hear relator's administrative appeal from the SHO's order of February 12, 2001.
 {¶ 25} 20. On August 14, 2003, relator, Eastlyn Alleyne, filed this mandamus action.
Conclusions of Law:
 {¶ 26} It is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 {¶ 27} Analysis begins with the observation that the April 24, 1998 DHO's order setting AWW at $4.85 is a final commission order. It is final because it was not administratively appealed and because relator was unsuccessful in obtaining R.C. 4123.522
relief from the order.
 {¶ 28} Ordinarily, a final commission order adjudicating extent of disability can be challenged in mandamus unless the relator has failed to pursue an adequate administrative remedy. An administrative appeal of the DHO's order of April 24, 1998, had it been exercised, would have given relator a plain and adequate remedy at law. See R.C. 4123.511. The commission and this court determined that relator was at fault for her alleged failure to receive the notice of the April 24, 1998 DHO's order. Thus, responsibility for the failure to exercise an adequate administrative remedy falls directly on relator.
 {¶ 29} This mandamus action is essentially controlled byState ex rel. Buckley v. Indus. Comm. 100 Ohio St.3d 68,2003-Ohio-5072. In Buckley, the claimant's AWW was set at $29.31 by an order of the bureau. The claimant failed to appeal the bureau's order. Later, the claimant moved to reset AWW under R.C. 4123.61's "special circumstances" provision. The commission denied the motion on res judicata grounds. In Buckley, the claimant then commenced a mandamus action in this court. This court denied the writ on grounds that the claimant's failure to appeal the bureau's order constituted a failure to pursue an available administrative remedy. This court's judgment was upheld by the Supreme Court of Ohio on the claimant's appeal as of right.
 {¶ 30} Of course, the Buckley case does differ from the instant case in that Ms. Buckley did not unsuccessfully move for R.C. 4123.522 relief as relator did here. That difference, however, does not render the holding of Buckley inapplicable to the instant case. Again, it was finally determined that relator was at fault in failing to receive notice of the DHO's order of April 24, 1998.
 {¶ 31} That relator filed a motion on July 26, 2000 asking the commission to exercise its continuing jurisdiction to correct the DHO's order of April 24, 1998, does not alter the fact that relator failed to pursue an adequate administrative remedy that bars mandamus relief. Relator cannot eradicate her failure to pursue an adequate administrative remedy by filing subsequent motions with the commission seeking the exercise of continuing jurisdiction.
 {¶ 32} The commission can exercise continuing jurisdiction over an order that has become final due to a lack of an administrative appeal. See State ex rel. Scott v. Ohio Bur. ofWorkers' Comp. (1995), 73 Ohio St.3d 202. However, the commission here, through its SHO's order of February 12, 2001, rightly or wrongly refused to exercise continuing jurisdiction over the April 24, 1998 DHO's order. Relator's previous failure to pursue an adequate administrative remedy bars relator's challenge in mandamus here regarding the commission's refusal to exercise its continuing jurisdiction.
 {¶ 33} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.
 /s/ Kenneth W. Macke
Kenneth W. Macke Magistrate