[Cite as *State ex rel. Hernandez v. Indus. Comm.*, 2021-Ohio-3217.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Martin Hernandez, | : | |
| Relator, | : | |
| v. | : | No. 20AP-163 |
| Industrial Commission of Ohio et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

D E C I S I O N

Rendered on September 16, 2021

*Schiavoni, Schiavoni, Bush & Muldowney,* and *Shawn Muldowney,* for relator.

*Dave Yost,* Attorney General, and *Andrew J. Alatis,* for respondent Industrial Commission of Ohio.

IN MANDAMUS

MENTEL, J.

{¶ 1} Relator, Martin Hernandez, brought this original action seeking a writ of mandamus ordering respondent, the Industrial Commission of Ohio ("commission"), to vacate its September 23, 2019 order denying him relief under R.C. 4123.522. The statute provides an extension for missed procedural deadlines to "any person to whom a notice is mailed [who] fails to receive the notice and the commission, upon hearing, determines that the failure was due to cause beyond the control and without the fault or neglect of such person or his representative." The commission did not "determine" that Mr. Hernandez was entitled to relief because, as the magistrate explains, there was evidence contradicting his assertion that he did not receive notice due to a hospital stay.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. The magistrate recommends that we deny the

request for a writ of mandamus. The magistrate also provided notice to relator of the opportunity under Civ.R. 53(D)(3) to object to the findings of fact and conclusions of law in the decision.

{¶ 3} Mr. Hernandez filed no objection to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). Our review of the magistrate's decision reveals no error of law or other evident defect. *See, e.g.*, *State ex rel. Alleyne v. Indus. Comm.*, 10th Dist. No. 03AP-811, 2004-Ohio-4223 (adopting the magistrate's decision where no objections filed). Accordingly, we adopt the decision of the magistrate including findings of fact and conclusions of law and deny relator's complaint for a writ of mandamus.

*Writ of mandamus denied.*

KLATT and NELSON, JJ., concur.

NELSON, J., retired, formerly of the Tenth Appellate
District, assigned to active duty under authority of the
Ohio Constitution, Article IV, Section 6(C).
_____

## APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Martin Hernandez, | : | |
| Relator, | : | |
| v. | : | No. 20AP-163 |
| Industrial Commission of Ohio et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

### M A G I S T R A T E ' S   D E C I S I O N

Rendered on February 26, 2021

*Schiavoni, Schiavoni, Bush & Muldowney,* and *Shawn Muldowney,* for relator.

*Dave Yost,* Attorney General, and *Andrew J. Alatis,* for respondent Industrial Commission of Ohio.

IN MANDAMUS

{¶ 4} Relator, Martin Hernandez ("claimant"), has filed this original action requesting this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order that denied relator's request for relief pursuant to R.C. 4123.522 and 4123.52 and to issue an order granting such request.

Findings of Fact:

{¶ 5} 1. Claimant sustained an injury on June 25, 2019, in the course of his employment with respondent Tema Services, LLC ("employer").

{¶ 6} 2. As a result of his injuries, claimant was hospitalized from June 25 to 28, 2019, and August 8 to 15, 2019.

{¶ 7} 3. On July 17, 2019, the Bureau of Workers' Compensation ("BWC") allowed the claim for the following conditions: unspecified sprain of right shoulder joint; cervical strain; and multiple fractures of ribs 9 and 10, right. The BWC disallowed the following conditions: thoracic sprain; lumbar sprain; cervical sprain; chest wall contusion, right; and closed head injury and concussion without loss of consciousness.

{¶ 8} 4. The July 17, 2019, order contained the correct address for service upon claimant.

{¶ 9} 5. The July 17, 2019, order contained the following notices of the 14-day limit for filing an appeal:

> Ohio law requires that BWC allow the injured worker or employer 14 days from the receipt of this order to file an appeal. * * *

> If the injured worker or the employer disagrees with this decision, either may file an appeal within 14 days of receipt of this order. * * *

> * * *

> THIS DECISION BECOMES FINAL IF A WRITTEN APPEAL IS NOT RECEIVED WITHIN 14 DAYS OF RECEIVING THIS NOTICE.

{¶ 10} 6. Claimant did not appeal the July 17, 2019, BWC order.

{¶ 11} 7. On July 17, 2019, the employer appealed the July 17, 2019, BWC order.

{¶ 12} 8. On July 18, 2019, claimant retained the law firm of Schiavoni, Schiavoni, Bush & Muldowney ("Schiavoni firm"), to represent him in his workers' compensation claim and filed a claimant authorized representative form ("BWC R2 form") authorizing the Schiavoni firm to represent him in the matter.

{¶ 13} 9. Claimant was seen by John Dunne, D.O., on July 25, 2019. The same day, Dr. Dunne completed a medical report, which identified the allowed and disallowed conditions in the claim and indicated a copy of the report was sent to attorney Joseph L. Schiavoni.

{¶ 14} 10. On July 30, 2019, claimant filed a BWC C-9 Request for Medical Service Reimbursement or Recommendation for Additional Conditions for Industrial Injury or Occupational Disease form, which included Dr. Dunne's July 25, 2019, report.

{¶ 15} 11. On August 6, 2019, the employer withdrew its appeal of the BWC order.

{¶ 16} 12. On August 29, 2019, claimant, through counsel, filed a request for relief pursuant to R.C. 4123.522 and 4123.52. In an affidavit submitted to the commission at the same time, attorney Joseph Schiavoni averred that claimant did not provide his office with a copy of the order because claimant was in and out of the hospital, and the law firm was unaware of the order. In another affidavit submitted to the commission at the same time, claimant averred that he did not receive the July 17, 2019, BWC order, as he was hospitalized and did not realize the importance of it or provide it to his attorney.

{¶ 17} 13. On August 29, 2019, the Schiavoni firm electronically filed an appeal of the July 17, 2019, order.

{¶ 18} 14. On September 23, 2019, a Staff Hearing Officer ("SHO") for the commission issued an order denying claimant's August 29, 2019, request for relief pursuant to R.C. 4123.522 and 4123.52, finding that a copy of the BWC's July 17, 2019, order was properly mailed to claimant's correct address. The SHO also found that the following evidence supported an inference that claimant was aware of the import of the BWC's July 17, 2019, order at least as of July 25, 2019: (1) the July 25, 2019, office note, of John Dunne, D.O., claimant's treating physician, which accurately described the allowed and non-allowed conditions of the claim, as set forth in the BWC's July 17, 2019, order, at the time of initial evaluation; (2) Dr. Dunne's July 30, 2019, C-9 Physician's Request for Authorization of Treatment, which set forth the allowed conditions of the claim; and (3) the July 2, 2019, C-9 request for treatment by Supreet Kaur Dhaliwal, M.D., claimant's initial treating physician, which described the allowed conditions in the claim.

{¶ 19} 15. On September 28, 2019, a District Hearing Officer ("DHO") issued an ex parte order denying claimant's appeal of the July 17, 2019, BWC order.

{¶ 20} 16. On March 17, 2020, claimant filed a complaint for writ of mandamus.

Conclusions of Law and Discussion:

{¶ 21} For the reasons that follow, it is this magistrate's decision that this court should not issue a writ of mandamus.

{¶ 22} In order for this court to issue a writ of mandamus, a relator must establish the following three requirements: (1) that relator has a clear legal right to the relief sought; (2) that respondent has a clear legal duty to provide such relief; and (3) that relator has no

adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 23} R.C. 4123.52 provides, in pertinent part:

(A) The jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. * * *

{¶ 24} R.C. 4123.522 provides, in pertinent part:

The employee, employer, and their respective representatives are entitled to written notice of any hearing, determination, order, award, or decision under this chapter and the administrator of workers' compensation and his representative are entitled to like notice for orders issued under divisions (C) and (D) of section 4123.511 and section 4123.512 of the Revised Code. An employee, employer, or the administrator is deemed not to have received notice until the notice is received from the industrial commission or its district or staff hearing officers, the administrator, or the bureau of workers' compensation by both the employee and his representative of record, both the employer and his representative of record, and by both the administrator and his representative.

If any person to whom a notice is mailed fails to receive the notice and the commission, upon hearing, determines that the failure was due to cause beyond the control and without the fault or neglect of such person or his representative and that such person or his representative did not have actual knowledge of the import of the information contained in the notice, such person may take the action afforded to such person within twenty-one days after the receipt of the notice of such determination of the commission. Delivery of the notice to the address of the person or his representative is prima-facie evidence of receipt of the notice by the person.

{¶ 25} A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). When the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond*

*Foundry Co.*, 29 Ohio St.3d 56 (1987). An abuse of discretion is " 'not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency,' " and is to be found only when there is no evidence upon which the commission could have based its decision. *State ex rel. Commercial Lovelace Motor Freight, Inc. v. Lancaster*, 22 Ohio St.3d 191, 193 (1986), quoting *State ex rel. Shafer v. Ohio Turnpike Comm.*, 159 Ohio St. 581, 590 (1953). When applying the abuse-of-discretion standard, a reviewing court is not free to substitute its judgment for that of the fact-finder. *See Berk v. Matthews*, 53 Ohio St.3d 161, 169 (1990).

{¶ 26} In the present matter, claimant asserts that, after the BWC's initial allowance on July 17, 2019, he was in and out of the hospital and started to receive treatment from Dr. Dunne. He claims that, as a consequence of his injury and the subsequent treatment regimen, he did not have knowledge of the BWC's order. Claimant also points out that he did not retain the Schiavoni firm until July 18, 2019, one day after the BWC order. The Schiavoni firm claims it became aware of the BWC's July 17, 2019, order after the employer withdrew its appeal on August 6, 2019. Thus, the issue is whether some evidence in the record supported the commission's denial of claimant's request for relief pursuant to R.C. 4123.522 and 4123.52.

{¶ 27} After a review of the record and the SHO's order, there existed some evidence in the record to support the SHO's determinations. On July 18, 2019, which was one day after the BWC's order, claimant retained the Schiavoni firm and filed a BWC R2 form giving notice of legal representation in the matter. Thus, it is apparent that claimant and the Schiavoni firm were or should have been aware of the case and that claimant's health was sufficient to allow him to comprehend the import of the pending matters and, consequently, obtain counsel and file a motion to further his legal interests. Claimant also indicated his same mailing address on his BWC R2 form as the BWC used to mail the July 17, 2019, order.

{¶ 28} Furthermore, as the SHO appropriately noted, there existed medical evidence that was available to claimant and his counsel that informed or should have informed them that the BWC had issued an order. Dr. Dunne's July 25, 2019, office note; Dr. Dunne's July 30, 2019, BWC C-9 request; and Dr. Dhaliwal's July 2, 2019, BWC C-9 request all accurately described the allowed conditions of the claim, as set forth in the BWC's July 17, 2019, order. Dr. Dunne's July 25, 2019, report also specifically included the

disallowed conditions in the claim and indicated that a copy was sent to the Schiavoni firm. Dr. Dunne's July 25, 2019, report was also attached to the claimant's July 30, 2019, BWC C-9 request form that was faxed to the BWC.

{¶ 29} Finally, claimant asserted in his August 29, 2019, request for relief, as well as in his and his counsel's attached affidavits, that one of the reasons he did not receive the BWC order was because he was in and out of the hospital. However, the only evidence in the record indicates that claimant was hospitalized initially for his injury from June 25 to 28, 2019, and then hospitalized again from August 8 to 15, 2019. The SHO order was issued on July 17, 2019. Therefore, it does not appear from the record that claimant's hospitalizations impacted his ability to receive or comprehend the SHO's order. Notwithstanding the failure of the evidence to comport with claimant's argument on this issue, even if claimant had medical issues or medical appointments at the time of the SHO's order, claimant's counsel was still retained the day after the SHO's order and was capable of representing claimant's interests during the 14-day appeal time. Therefore, for all of the above reasons, the commission had some evidence to support its denial of claimant's request for relief pursuant to R.C. 4123.522 and 4123.52.

{¶ 30} Accordingly, it is the magistrate's decision that this court should deny relator's complaint for writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).