[Cite as *State ex rel. Preston v. Inst. Inspector Lloyd*, 2026-Ohio-1572.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Atravion Preston, | : | |
| Relator, | : | |
| v. | : | No. 25AP-663 |
| Institution Inspector Ms. Lloyd of LORCI et al., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on April 30, 2026

**On brief:** *Atravion Preston*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *Jennifer A. Driscoll*, for respondents.

IN MANDAMUS
ON MOTIONS

JAMISON, J.

{¶ 1} Relator, Atravion Preston, seeks a writ of mandamus ordering respondents, Institution Inspector Ms. Lloyd of Lorain Correctional Institution and Ohio Department of Rehabilitation and Correction, to comply with their obligations under Ohio's Public Records Act, which is codified at R.C. 149.43. Respondents filed a motion to dismiss and a motion to strike. The magistrate recommended granting the respondent's motion to dismiss and denying as moot the motion to strike.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. The magistrate recommends that we grant respondents' motion to dismiss and dismiss this action because relator failed to file in conjunction with his complaint the written affirmation required by R.C. 149.43(C)(2).

Further, the magistrate recommended that respondents' motion to strike relator's brief be denied as moot.

{¶ 3} The magistrate's decision informed the parties of their right to file objections to his recommendation under Civ.R. 53(D)(3)(b). Neither party filed an objection. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). Our review of the magistrate's decision reveals no error of law or other evident defect. *See*, *e.g.*, *State ex rel. Alleyne v. Indus. Comm.*, 2004-Ohio-4223 (10th Dist.) (adopting the magistrate's decision where no objections were filed).

{¶ 4} Finding no error of law or other defect on the face of the magistrate's decision, we adopt it in its entirety, grant the motion to dismiss, deny as moot respondents' motion to strike relator's brief, and dismiss this action.

*Motion to dismiss granted*;
*motion to strike relator's brief denied as moot*;
*action dismissed.*

BEATTY BLUNT and DINGUS, JJ., concur.

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Atravion Preston, | : | |
| Relator, | : | |
| v. | : | No. 25AP-663 |
| Institution Inspector | : | (REGULAR CALENDAR) |
| Ms. Lloyd of LORCI et al., | | |
| | : | |
| Respondents. | : | |
| | : | |

### MAGISTRATE'S DECISION

Rendered on November 4, 2025

*Atravion Preston*, pro se.

*Dave Yost*, Attorney General, and *Jennifer A. Driscoll*, for respondents.

### IN MANDAMUS
### ON MOTIONS

{¶ 5}  Relator Atravion Preston has filed a complaint for writ of mandamus, naming as respondents the following: Institution Inspector Ms. Lloyd of Lorain Correctional Institution and Ohio Department of Rehabilitation and Correction ("DRC"). Relator seeks a writ of mandamus compelling respondents to comply with their obligations under Ohio's Public Records Act, which is codified at R.C. 149.43. Respondents have filed a motion to dismiss and a motion to strike. For the reasons set forth below, the magistrate recommends granting the motion to dismiss and denying as moot the motion to strike.

## I. Findings of Fact

{¶ 6} 1. Relator, an inmate incarcerated at Lorain Correctional Institution, commenced this original action with the filing of his complaint for writ of mandamus on August 18, 2025.

{¶ 7} 2. In his complaint, relator sets forth a series of allegations regarding public-records requests made via the prison's kite system.[1] Relator alleges that on July 8, 2025, he sent a kite to the institutional inspector requesting copies of his grievances as listed in the kite. On July 16, 2025, the inspector allegedly responded that the grievances would be sent to relator through internal mail.

{¶ 8} 3. According to relator, on July 20, 2025, he sent the inspector a second kite, stating that he had not received the copies of his grievances through internal mail. Relator allegedly asked whether the copies had been sent and how long it would take for him to receive them. On July 23, 2025, the inspector allegedly responded as follows: "I am not sure why you didn't get them I will get them sent out again." (Compl. at 2.)

{¶ 9} 4. On July 25, 2025, relator allegedly filed a direct grievance. According to relator, he stated in the grievance that he had not received the copies of his grievances from the inspector which he had requested on July 8, 2025. Relator asked that the copies be hand delivered to him so he could be sure the copies were received.

{¶ 10} 5. Relator allegedly sent a third kite to the inspector on July 29, 2025, stating that he had been waiting three weeks for the copies of his grievances. Relator renewed his request for the copies and requested that they be emailed to his case manager for printing.

{¶ 11} 6. On July 30, 2025, relator allegedly sent a separate public-records request via kite "to receive proof of my kite process to the courts." (Compl. at 2.) According to relator, he stated the following in the kite: "[C]an I get a copy of all my kite request at [Lorain Correctional Institution] since April 25, 2025-July 30, 2025 including this one I'm sending now. Thanks. Summary of kite; I need a copy of my kite log which is only my kite at [Lorain Correctional Institution] starting 4-25-25 until 7-30-25 including this kite I'm sending now. Thank you." *Id*.

---

[1] "A kite is a type of written correspondence between an inmate and prison staff." *State ex rel. Griffin v. Szoke*, 2023-Ohio-3096, ¶ 3. *See State ex rel. McDougald v. Greene*, 2020-Ohio-3686, ¶ 16 (stating that "[t]he prison's kite system is the means of two-way communication between all levels of staff and inmates" (quotations and citations omitted)).

{¶ 12} 7. Relator alleges in his complaint that he still has not received his public-records requests, including the copies of his grievances and the copies of his kites. Relator states: "I have did all I can do to satisfy my Public records request without no copies being delivered to relator." (Compl. at 2.)

{¶ 13} 8. Relator asserts he is entitled to a writ of mandamus because there is clear and convincing evidence that he has a clear legal right to the public records and that respondents are under a clear legal duty to provide him with the records. Relator states that he needs "the kites for evidence in a separate civil matter also and is entitled to both of the public records request." (Compl. at 3.) Relator states that respondents "had enough time" and asks that this court "prevent the continuous delay and make sure respondent fulfil their duty to serve the two public records request in a timely manner." *Id.*

{¶ 14} 9. Relator includes the following request for relief in his complaint: "I want the (2) two public records request specifically my copy of my grievance procedures and kites that I requested and statutory damages up to $1,000 in each separate public records request I sent to [DRC] in separate kites for the delay." (Compl. at 4.)

{¶ 15} 10. Alongside his complaint, relator filed an affidavit of prior civil actions, an affidavit of indigency, a financial disclosure and fee waiver affidavit, and a motion to proceed in forma pauperis.

{¶ 16} 11. Relator did not file with his complaint a written affirmation stating that (1) he properly transmitted a complaint to the public office or person responsible for public records, (2) the failure alleged in the complaint has not been cured or otherwise resolved to relator's satisfaction, and (3) the complaint was transmitted to the public office or person responsible for public records at least three business days before the filing of this action.

{¶ 17} 12. On August 22, 2025, the appointed magistrate issued an order provisionally granting relator's motion to proceed in forma pauperis.

{¶ 18} 13. On September 3, 2025, respondents filed a motion to dismiss.

{¶ 19} 14. On September 10, 2025, relator filed a brief.

{¶ 20} 15. Also on September 10, 2025, respondents filed a motion to strike relator's brief.

## II. Discussion and Conclusions of Law

{¶ 21} Respondents assert relator's complaint must be dismissed because relator failed to file in conjunction with his complaint a written affirmation in accordance with the requirements of R.C. 149.43(C)(2), as recently amended effective April 9, 2025 by 2024 Sub.H.B. 265 ("H.B. 265"). Respondents also assert relator's complaint is subject to dismissal for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6) for the same reason. Finally, respondents assert R.C. 149.43(C)(3), as amended by H.B. 265, precludes any award of statutory damages since relator was incarcerated at the time this action was filed.

## A. Applicable Law

### 1. Review of a Motion to Dismiss Under Civ.R. 12(B)(6)

{¶ 22} A motion to dismiss for failure to state a claim under Civ.R. 12(B)(6) is procedural and tests the sufficiency of the petition or complaint. *See State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 1992-Ohio-73, ¶ 9, citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). When ruling on a Civ.R. 12(B)(6) motion, a court may consider certain "documents attached to or incorporated into the complaint." *State ex rel. Gordon v. Summit Cty. Court of Common Pleas*, 2025-Ohio-2927, ¶ 8. *See* Civ.R. 10(C) ("A copy of any written instrument attached to a pleading is a part of the pleading for all purposes.").

{¶ 23} A court reviewing the sufficiency of a complaint in resolving a Civ.R. 12(B)(6) motion must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). Dismissal of a mandamus action under Civ.R. 12(B)(6) is warranted if, after presuming all factual allegations in the complaint to be true and drawing all reasonable inferences in the relator's favor, it appears beyond doubt that the relator can prove no set of facts entitling the relator to recovery. *State ex rel. A.N. v. Cuyahoga Cty. Prosecutor's Office*, 2021-Ohio-2071, ¶ 8.

### 2. Requirements for Relief in Mandamus

{¶ 24} "Mandamus is an appropriate remedy to compel compliance with the Public Records Act." *State ex rel. Reese v. Ohio Dept. of Rehab. & Corr. Legal Dept.*, 2022-Ohio-2105, ¶ 10, citing R.C. 149.43(C)(1)(b). In order for a writ of mandamus to issue in a public-records mandamus action, a relator must establish by clear and convincing evidence (1) a clear legal right to the requested relief, and (2) a clear legal duty on the part of the respondents to provide it. *State ex rel. Cincinnati Enquirer v. Sage*, 2015-Ohio-974, ¶ 10.

*3. Ohio's Public Records Act*

{¶ 25} "In Ohio, public records are the people's records, and officials in whose custody they happen to be are merely trustees for the people." *State ex rel. Warren Newspapers v. Hutson*, 1994-Ohio-5, ¶ 17. Ohio's Public Records Act, which is codified at R.C. 149.43, "reflects [Ohio's] policy that 'open government serves the public interest and our democratic system.' " *State ex rel. Glasgow v. Jones*, 2008-Ohio-4788, ¶ 13, quoting *State ex rel. Dann v. Taft*, 2006-Ohio-1825, ¶ 20. *See White v. Clinton Cty. Bd. of Commrs.*, 1996-Ohio-380, ¶ 15 ("[P]ublic scrutiny is necessary to enable the ordinary citizen to evaluate the workings of his or her government and to hold government accountable. If the public can understand the rationale behind its government's decisions, it can challenge or criticize those decisions as it finds necessary; the entire process thus allows for greater integrity and prevents important decisions from being made behind closed doors.").

{¶ 26} The Public Records Act "requires a public office to make copies of public records available to any person on request and within a reasonable period of time." *State ex rel. McDougald v. Greene*, 2020-Ohio-3686, ¶ 9, citing R.C. 149.43(B)(1). Requesters are entitled to "have full access to public records unless the requested records fall within one of the exceptions specifically enumerated in the act." *State ex rel. Fair Housing Opportunities of Northwest Ohio v. Ohio Fair Plan*, 2022-Ohio-385, ¶ 7 (10th Dist.).The Public Records Act is construed liberally in favor of broad access with any doubts resolved in favor of disclosure. *State ex rel. Mobley v. Ohio Dept. of Rehab. & Corr.*, 2022-Ohio-1765, ¶ 7.

*4. Amendments to R.C. 149.43 in H.B. 265*

{¶ 27} Over the course of its history, R.C. 149.43 has regularly been the subject of legislative changes, having been amended over a dozen times in the last decade alone.[2] The amendments to R.C. 149.43 in H.B. 265, which became effective on April 9, 2025, created requirements that must be met before a person who is allegedly aggrieved by a public office's alleged lack of compliance with its public-records obligations may seek a remedy in the courts. R.C. 149.43(C)(1), as amended by H.B. 265, provides:

> If a person allegedly is aggrieved by the failure of a public office or the person responsible for public records to promptly prepare a public record and to make it available to the person for inspection in accordance with division (B) of this section or by any other failure of a public office or the person responsible for public records to comply with an obligation in accordance with division (B) of this section, the person allegedly aggrieved may serve pursuant to Rule 4 of the Ohio Rules of Civil Procedure a complaint, on a form prescribed by the clerk of the court of claims, to the public office or person responsible for public records allegedly responsible for the alleged failure. Upon receipt of the complaint of the person allegedly aggrieved, the public office or person responsible for public records has three business days to cure or otherwise address the failure alleged in the complaint. The person allegedly aggrieved shall not file a complaint with a court or commence a mandamus action under this section within the three-day period. Upon the expiration of the three-day period, the person allegedly aggrieved may, subject to the requirements of division (C)(2) of this section, do only one of the following, and not both:
>
> (a) File a complaint with the clerk of the court of claims or the clerk of the court of common pleas under section 2743.75 of the Revised Code;
>
> (b) Commence a mandamus action to obtain a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section, that awards court costs and reasonable attorney's fees to the person that instituted the mandamus action, and, if applicable, that includes an order fixing statutory damages

---

[2] R.C. 149.43 was the subject of additional amendments effective September 30, 2025 through the enactment of 2025 Am.Sub.H.B. 96 ("H.B. 96"). As the amendments in H.B. 96, which largely pertain to exceptions to public records, definitions for purposes of public records, and the addition of provisions regarding preparation of video records by prosecuting attorney's offices, are not material to the analysis of the issue presented in this matter, it is unnecessary to examine them in greater detail.

under division (C)(3) of this section. The mandamus action may be commenced in the court of common pleas of the county in which division (B) of this section allegedly was not complied with, in the supreme court pursuant to its original jurisdiction under Section 2 of Article IV, Ohio Constitution, or in the court of appeals for the appellate district in which division (B) of this section allegedly was not complied with pursuant to its original jurisdiction under Section 3 of Article IV, Ohio Constitution.

R.C. 149.43(C)(1). R.C. 149.43(C)(2), as amended by H.B. 265, provides:

Upon filing a complaint or mandamus action with a court under divisions (C)(1)(a) or (b) of this section, a person allegedly aggrieved shall file with the court, in conjunction with the person's complaint or petition, a written affirmation stating that the person properly transmitted a complaint to the public office or person responsible for public records, the failure alleged in the complaint has not been cured or otherwise resolved to the person's satisfaction, and that the complaint was transmitted to the public office or person responsible for public records at least three business days before the filing of the suit. If the person fails to file an affirmation pursuant to this division, the suit shall be dismissed.

R.C. 149.43(C)(2).

{¶ 28} Thus, if a requester believes a public office or the person responsible for public records has failed to comply with an obligation in R.C. 149.43(B), the requester has the option under R.C. 149.43(C)(1) to serve a complaint upon the public office or person responsible for public records in question. Service of the complaint triggers a three-day cure period for the public office to address the failure alleged in the complaint. R.C. 149.43(C)(1). Only upon the expiration of the three-day cure period in R.C. 149.43(C)(1) may a requester either (1) file a complaint with the clerk of the court of claims or court of common pleas as applicable, or (2) commence a mandamus action. R.C. 149.43(C)(1)(a) and (b). The requester filing a complaint or commencing a mandamus action under R.C. 149.43(C)(1)(a) and (b) must file in conjunction with the complaint or petition a written affirmation containing the statements required by R.C. 149.43(C)(2). The failure to file the written affirmation required by amended R.C. 149.43(C)(2) compels a court to dismiss the action.

{¶ 29} Additionally, H.B. 265 altered the remedies available upon a finding by a court that a public office failed to comply with its obligations to provide public records

under R.C. 149.43(B). As amended, R.C. 149.43(C)(3), which permits the awarding of statutory damages, now provides that "[s]tatutory damages are not available pursuant to this section to a person committed to the custody of the department of rehabilitation and correction or the United States bureau of prisons, or a child committed to the department of youth services."

## B. Analysis

{¶ 30} Respondents assert relator's complaint must be dismissed because relator failed to file in conjunction with his complaint a written affirmation in accordance with the requirements of R.C. 149.43(C)(2). In his complaint, relator alleges that he sent multiple kites regarding public-records requests beginning on July 8, 2025 and ending with a separate public-records request on July 30, 2025. Accepting these allegations as true, all of relator's requests occurred after the April 9, 2025 effective date of the amendments to R.C. 149.43 in H.B. 265.

{¶ 31} The text of R.C. 149.43(C)(2), as amended by H.B. 265, provides that "**upon filing a complaint or mandamus action** with a court under divisions (C)(1)(a) or (b) of this section, a person allegedly aggrieved **shall file** with the court, **in conjunction with the person's complaint or petition**, a written affirmation." (Emphasis added.) It is undisputed that relator did not file in conjunction with his mandamus complaint the written affirmation required by the same statutory section. By stating that "the suit **shall be dismissed**," R.C. 149.43(C)(2) mandates dismissal "[i]f the person fails to file an affirmation pursuant to this division." (Emphasis added.) *See Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102 (1971), paragraph one of the syllabus ("In statutory construction, the word 'may' shall be construed as permissive and the word 'shall' shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that they receive a construction other than their ordinary usage."). Therefore, because relator has failed to file the required affirmation, R.C. 149.43(C)(2) compels the dismissal of relator's complaint.

{¶ 32} Having found that relator's complaint must be dismissed for failure to comply with R.C. 149.43(C)(2), it is unnecessary to consider respondents' arguments regarding the availability of statutory damages under R.C. 149.43(C)(3), as amended by H.B. 265.

## C. Conclusion

{¶ 33} As relator failed to file in conjunction with his complaint the written affirmation required by R.C. 149.43(C)(2), his complaint must be dismissed. Accordingly, it is the decision and recommendation of the magistrate that respondents' motion to dismiss should be granted and relator's complaint dismissed. The magistrate additionally recommends denying as moot respondents' motion to strike relator's brief.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.